UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVALDO LENCI,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 19-cv-06526-TSH<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

## I. INTRODUCTION

Pro se plaintiff Ivaldo Lenci brings this complaint for declaratory relief, asking the Court to "honor [his] intentions to establish a new and better Republic." Pending before the Court is the government's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 14. Lenci filed an Opposition (ECF No. 20) and the government filed a Reply (ECF No. 21). The Court finds this matter suitable for disposition without oral argument and **VACATES** the May 21, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the government's motion for the following reasons.

## II. BACKGROUND

Lenci filed his complaint on October 10, 2019. ECF No. 1. In it, he sets forth his vision for a better government. He begins with a history of "the law of nature" and then declares

> "It is [his] understanding the Constitution and Declaration of Independence of the U.S.A. dictates its government to make available to their citizens the proper: Education, Health Care, Welfare, Security to implement 'We hold these truths to be self-evident, that all me are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness…' to which the Laws of Nature and of Nature's God

> entitle them, a decent respect to the opinions of mankind requires that they should declare the causes which impel them to the separation."…

Compl. ¶ 7 (ellipses in original). Lenci does not identify any causes of action or identify any particular way in which he was allegedly wronged, other than expressing his general unhappiness with the City of San Rafael's assessment of $7,949.26 in property taxes related to the home he owns in San Rafael, referring to it as "LEGAL SLAVERY." *Id.* ¶ 30. Instead, the nine-page, single spaced pleading is devoted to Lenci's ideas for better government. He alleges that "[a]fter studying all the major religions of the world; the economy of Communism, Democracy, Monarchy, Republic, etc., [he] found out that all of them have some good merit but the United States Constitution and Declaration of Independence is the best." *Id.* ¶ 20. Lenci has "selected" and proposes "what [he] believes to be their good merits to form . . . a workable government that will promote peace, security and prosperity in the world." *Id.* ¶ 21.

Lenci goes on to make some specific suggestions for this "new and better" government, including:

- Making "[o]ur God-Creator" "part of this government" (*id.* ¶ 24);
- Referring to "each human being" "with the title of prince or princess" (*id.* ¶ 38);
- Providing each household $125,000 to "create a family crest" (*id.* ¶ 38);
- Implementing a "flat tax," which taxes consumption and not income (*id.* ¶¶ 41, 65-69);
- Eliminating property taxes on people's homes (*id.* ¶ 70);
- Providing universal health care (*id.* ¶ 43); and
- Providing pensions to the disabled and elderly (*id.* ¶¶ 44-45).

The government filed the present motion on April 13, 2020. It argues Lenci lacks standing to proceed because he does not identify any way in which he suffered a legally cognizable harm. Mot. at 3. It further argues Lenci fails to identify a single cause of action or the basis of a waiver of sovereign immunity, and therefore fails to state a claim against the United States. *Id.* As to Lenci's allegations regarding San Rafael's property taxes, the government argues the Tax Injunction Act does not permit the Court to consider any such challenges. *Id.*

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(1)

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

#### B. Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with

"fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted); Fed. R. Civ. P. 8(a)(2) (A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

Having reviewed Lenci's allegations, the Court finds he lacks standing to pursue his generalized grievances and suggestions for better government. Standing derives "[f]rom Article III's limitation of the judicial power to resolving 'Cases' and 'Controversies,' and the separation-of-powers principles underlying that limitation[.]" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 136 S. Ct. at 1547.

To establish Article III standing, plaintiff must show: (1) injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

favorable judicial decision. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

To establish injury in fact, a plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted); *Lexmark Int'l*, 572 U.S. at 125 (a "plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision."). "An allegation that an individual has a right to a particular kind of government conduct and that the government has violated that right by acting differently cannot alone satisfy the requirements of Article III standing." *Duran v. Lollis*, 2019 WL 691203, at *3 (E.D. Cal. Feb. 19, 2019) (citing *Allen v. Wright*, 468 U.S. 737, 754 (1984)).

Lenci's complaint, which asks the Court to "establish a new and better Republic" presents only a generalized grievance. "The Supreme Court has repeatedly refused to recognize a generalized grievance against allegedly illegal government conduct as sufficient to confer standing." *Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003). Courts are to refrain "from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982). While Lenci appears to have noble intentions in bringing his complaint, "[f]ederal courts are not publicly funded forums to vent public grievances." *Duran*, 2019 WL 691203, at *4 (citing *Valley Forge*, 454 U.S. at 475). Therefore, Lenci must allege "a distinct and palpable injury to himself" to have standing to bring suit. *Warth*, 422 U.S. at 501.

To the extent Lenci brings specific allegations regarding his property tax payments to San Rafael, the Tax Injunction Act makes it clear that the Court lacks jurisdiction to consider such a grievance. The Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient

1 remedy may be had in the courts of such State." 28 U.S.C. § 1341. Property tax challenges "fall
2 squarely within the bar raised by the Tax Injunction Act." *See, e.g., Ou-Young v. Stone*, 2020 WL
3 1288450, at *4 (N.D. Cal. Mar. 18, 2020). Accordingly, neither Lenci's generalized vision for "a
4 new and better Republic" nor his dissatisfaction regarding his property taxes may be advanced in
5 this litigation.

6 For these reasons, the Court finds it lacks jurisdiction over Lenci's claims and they must be
7 dismissed. The Court therefore must decide whether leave to amend is warranted. Leave
8 ordinarily must be granted unless one or more of the following factors is present: (1) undue delay,
9 (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue
10 prejudice to the opposing party, and (5) futility of amendment. *Carvalho*, 629 F.3d at 892-93.
11 The first four factors do not appear to be at issue in this case because the government's motion is
12 directed to the original complaint and there is no indication Lenci brings his complaint in bad
13 faith. As to futility of amendment, Lenci cannot bring generalized claims against the government
14 for "a new and better Republic," and his specific allegations regarding property taxes are barred by
15 the Tax Injunction Act, but in reviewing a pro se complaint, the Court is to liberally construe the
16 pleadings and accept as true all factual allegations contained in the complaint. *Erickson*, 551 U.S.
17 at 94.

18 Given this liberal pleading standard, the Court finds it appropriate to give Lenci an
19 opportunity to amend his complaint. However, the Court advises Lenci that he must demonstrate
20 a basis for federal subject matter jurisdiction. Further, in order to comply with Rule 8's pleading
21 requirement, Lenci must state as clearly as possible the facts giving rise to the complaint and
22 explain why each named defendant is being sued by making specific factual allegations that
23 connect each defendant with the alleged wrongdoing. He must also allege separate causes of
24 action, state a constitutional or statutory basis for each cause of action, and allege facts showing
25 each defendant's wrongful acts alleged in each cause of action, as well as his harm or injury.

26 Finally, the Court advises Lenci that, unless it has expressly waived its sovereign
27 immunity, the United States and its agencies are immune from suit. *Federal Deposit Ins. Corp. v.*
28 *Meyer*, 510 U.S. 471, 474 (1994) (citations omitted). A "waiver of sovereign immunity must be

United States District Court
Northern District of California

unequivocally expressed in statutory text," and the waiver must be "clearly evident from the language of the statute." *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (internal quotation marks omitted). Absent an express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over cases against the United States and its agencies. *FDIC*, 510 U.S. at 475. Thus, if Lenci chooses to amend his complaint, he must establish that the government has waived its sovereign immunity for any claim(s) he seeks to bring against it.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** the government's motion to dismiss **WITH LEAVE TO AMEND**. Lenci shall file any amended complaint within 28 days of this order. Lenci is warned that if he fails to timely file an amended complaint, this action will likely be dismissed on the grounds set forth above and/or for failure to diligently prosecute.

Lenci may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf. Lenci may also wish to obtain a copy of the district court's Handbook for Litigants Without a Lawyer. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: May 5, 2020

THOMAS S. HIXSON
United States Magistrate Judge