1
2
3
4            UNITED STATES DISTRICT COURT
5            NORTHERN DISTRICT OF CALIFORNIA
6
7    IVALDO LENCI,                              Case No.  19-cv-06526-TSH
8                    Plaintiff,
9          v.                                   **ORDER DISMISSING CASE FOR
                                                FAILURE TO PROSECUTE**
10   UNITED STATES OF AMERICA,
11                   Defendant.

## I.    INTRODUCTION

Plaintiff Ivaldo Lenci filed this case against Defendant United States of America over one year ago and, after repeated delays, served the government four months later.  The government responded by filing a motion to dismiss, which the Court granted the motion with leave to amend.  Since that time, however, Lenci has filed five requests for an extension of time to amend.  For the reasons explained below, the Court finds Lenci has failed to prosecute and therefore **DISMISSES** this case pursuant to Federal Rule of Civil Procedure 41(b) **WITHOUT PREJUDICE**.

## II.    BACKGROUND

Lenci filed his complaint on October 10, 2019, setting forth his vision for a better government.  ECF No. 1.  He began with a history of "the law of nature" and then declared

> "It is my understanding the Constitution and Declaration of Independence of the U.S.A. dictates its government to make available to their citizens the proper: Education, Health Care, Welfare, Security to implement 'We hold these truths to be self-evident, that all me are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness…' to which the Laws of Nature and of Nature's God entitle them, a decent respect to the opinions of mankind requires that they should declare the causes which impel them to the separation."…

Compl. ¶ 7 (ellipses in original).  Lenci did not identify any causes of action or identify any

United States District Court
Northern District of California

particular way in which he was allegedly wronged, other than expressing his general unhappiness with the City of San Rafael's assessment of $7,949.26 in property taxes related to the home he owns in San Rafael, referring to it as "LEGAL SLAVERY." *Id.* ¶ 30.  Instead Lenci devoted the nine-page, single-spaced pleading to his ideas for better government.  He alleged that "[a]fter studying all the major religions of the world; the economy of Communism, Democracy, Monarchy, Republic, etc., [he] found out that all of them have some good merit but the United States Constitution and Declaration of Independence is the best." *Id.* ¶ 20.  Lenci "selected" and proposed "what [he] believes to be their good merits to form . . . a workable government that will promote peace, security and prosperity in the world." *Id.* ¶ 21.

Lenci went on to make some specific suggestions for this "new and better" government, including:

- Making "[o]ur God-Creator" "part of this government" (*id.* ¶ 24);
- Referring to "each human being" "with the title of prince or princess" (*id.* ¶ 38);
- Providing each household $125,000 to "create a family crest" (*id.* ¶ 38);
- Implementing a "flat tax," which taxes consumption and not income (*id.* ¶¶ 41, 65-69);
- Eliminating property taxes on people's homes (*id.* ¶ 70);
- Providing universal health care (*id.* ¶ 43); and
- Providing pensions to the disabled and elderly (*id.* ¶¶ 44-45).

On January 6, 2020, as there was no indication Lenci had served the government, the Court ordered him to file a status report by January 22, 2020.  ECF No. 6.  In his response, Lenci stated he had been taking care of his wife in the hospital and requested additional time to serve the government.  ECF No. 7.  Based on his response, the Court extended the service deadline to February 18, 2020.  ECF No. 8.  The Court advised Lenci that it may dismiss his case for failure to prosecute if proper service is not completed by this deadline.  Lenci served the government on February 12, 2020.  ECF No. 12.

On April 13, 2020, the government moved to dismiss Lenci's complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), arguing he lacked standing to proceed because he did not identify any way in which he suffered a legally cognizable harm and failed state a claim

against the United States because he did not identify a single cause of action or the basis of a waiver of sovereign immunity.  ECF No. 14.  On May 5, 2020, the Court granted the government's motion, finding his generalized grievances and suggestions for better government were not sufficient to establish his standing to maintain a lawsuit in federal court.  ECF No. 23. The Court found Lenci lacked standing to pursue his generalized grievances and suggestions for better government.  *Id.* at 4-5 (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982); *Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003)).  The Court granted Lenci an opportunity to file an amended complaint by June 2, 2020, advising him that he must (1) demonstrate a basis for federal subject matter jurisdiction, (2) state as clearly as possible the facts giving rise to the complaint and explain why each named defendant is being sued by making specific factual allegations that connect each defendant with the alleged wrongdoing, and (3) allege separate causes of action, state a constitutional or statutory basis for each cause of action, and allege facts showing each defendant's wrongful acts alleged in each cause of action, as well as his harm or injury.  *Id.* at 6.  The Court also advise him that, unless it has expressly waived its sovereign immunity, the United States and its agencies are immune from suit.  *Id.* (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 474 (1994); *FAA v. Cooper*, 566 U.S. 284, 290 (2012)).  Finally, the Court warned Lenci that this action would likely be dismissed for failure to prosecute if he failed to file an amended complaint by the deadline.  *Id.* at 7.

On June 11, 2020, as Lenci had not filed an amended complaint or otherwise responded to its order, the Court ordered him to show cause by June 29 why his case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court deadlines.  ECF No. 24.  In response, Lenci requested more time to amend, stating that he was having trouble filing his amended complaint electronically.  ECF No. 25.  Based on his response, the Court discharged the show cause order and directed him to file his amended complaint by July 6, 2020.  ECF No. 26.  The Court reminded Lenci that failure to comply with this deadline may result in dismissal for failure to prosecute.

On July 6, 2020, Lenci filed a "Reply to Show Cause," stating that his computer crashed,

1   his email password was stolen and changed, and his son was now helping him because he was

2   having medical issues.  ECF No. 27.  The Court construed the filing as a request for additional

3   time and extended the deadline to file any amended complaint to July 31, 2020, again reminding

4   him that failure to comply with this deadline may result in dismissal for failure to prosecute.  ECF

5   No. 28.

6       On July 31, 2020, Lenci filed a third request for an extension of time, stating that his wife

7   had passed away and he requested a case report from the Marin County Coroner but had not yet

8   received it.  ECF No. 29.  The Court granted the request and extended the deadline to file an

9   amended complaint to August 27, 2020.  ECF No. 30.  However, the Court noted that the case had

10  been pending since October 2019 and had seen multiple delays due to Lenci's repeated requests to

11  extend time both to serve the government and to file an amended complaint.  *Id.* (citing ECF Nos.

12  8, 24, 26, 28).  As such, the Court advised him that it would be unlikely to grant any further

13  extensions and his failure to comply with the August 27 deadline would likely result in dismissal

14  for failure to prosecute.

15      Despite this warning, Lenci filed a fourth request for an extension on August 27, 2020,

16  stating that his wife's death had resulted in major health issues for which he was undergoing

17  testing and possible surgery.  ECF No. 31.  Although the Court previously admonished him that it

18  was unlikely to grant any further extensions, the Court found that, given his health issues, Lenci

19  had shown good cause and therefore extended the deadline to file an amended complaint to

20  October 27, 2020.  ECF No. 32.  However, the Court reminded him that his case would likely be

21  dismissed if he failed to comply with the deadline.

22      Lenci has now filed a fifth request for an extension, stating he had received the coroner's

23  report from his wife's death and accusing Marin General Hospital of intentionally killing her by

24  taking her off life support against her family's wishes.  ECF No. 33.  Lenci spends the next nine

25  pages of his request detailing evidence of why his wife should not have been taken off life

26  support.

27              **III.   LEGAL STANDARD**

28      Under Rule 41(b), "the district court may dismiss an action for failure to comply with any

United States District Court
Northern District of California

4

United States District Court
Northern District of California

order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "The Court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## IV.   DISCUSSION

The first two *Henderson* factors strongly support dismissal. First, "'the public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Second, the Court's need to manage its docket also weighs in favor of dismissal. Lenci has repeatedly delayed this case, both through his failure to serve the government in compliance with Federal Rule of Civil Procedure 4 and his failure to file an amended complaint, despite four extensions of time. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261; *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *Yourish*, 191 F.3d at 991. Here, Lenci's requests for extensions of time

1   have changed from not being able to electronically file his amended complaint against the

2   government to what appears to be wrongful death allegations against Marin General Hospital,

3   which would be the subject of a separate lawsuit.  As to the original claims against the

4   government, he fails to provide any explanation for why he is unable to file an amended complaint

5   that, based on his filings in June 2020, he had apparently drafted but was unable to electronically

6   file.  *See* ECF No. 25.  Therefore, the Court concludes the third *Henderson* factor also supports

7   dismissal.

8           The fourth *Henderson* factor, that public policy favors disposition of cases on their merits,

9   normally weighs strongly against dismissal.  *See Hernandez*, 138 F.3d at 399 ("[T]he public policy

10  favoring resolution on the merits clearly counsels against dismissal.") (citation omitted);

11  *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this

12  factor weighs against dismissal.").  "At the same time, a case that is stalled or unreasonably

13  delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution

14  on the merits."  *In re PPA*, 460 F.3d at 1228.  The Ninth Circuit has "recognized that this factor

15  'lends little support' to a party whose responsibility it is to move a case toward disposition on the

16  merits but whose conduct impedes progress in that direction."  *Id.* (quoting *In re Exxon Valdez*,

17  102 F.3d 429, 433 (9th Cir. 1996)).  Thus, although this factor weighs against dismissal, the Court

18  also recognizes that Lenci has repeatedly delayed the prosecution of this case, which has had no

19  operative pleading for nearly six months.  Further, although "pro se litigants in the ordinary civil

20  case should not be treated more favorably than parties with attorneys of record," *Jacobsen v.*

21  *Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986), the Court has already granted him four extensions of

22  time.  Accordingly, this factor lends little support to Lenci's cause.

23          Finally, the Court has already attempted less drastic sanctions without success, including

24  issuing a show cause order and giving Lenci multiple extensions.  "Though there are a wide

25  variety of sanctions short of dismissal available, the district court need not exhaust them all before

26  finally dismissing a case."  *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *see*

27  *also Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013)

28  (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser

United States District Court
Northern District of California

6

sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead). Moreover, the Court has repeatedly warned Lenci of the risk of dismissal; thus, he cannot claim the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274; *Ferdik*, 963 F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted). Accordingly, the final factor weighs in favor of dismissal.

## V.   CONCLUSION

Based on the analysis above, the Court finds at least four of the five *Henderson* factors weigh in favor of dismissal. Dismissal is appropriate because Lenci has failed to prosecute this case, despite multiple extensions of time. However, a less drastic alternative is dismissal without prejudice, which both minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief. *See Ferdik*, 963 F.2d at 1262. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice). Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: October 28, 2020

THOMAS S. HIXSON
United States Magistrate Judge